IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHUNG MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-1239-NJR-DGW |
| | ) |
| C/O ZIEGLER, C/O NEWCOMB, | ) |
| KIMBERLY BUTLER, and C/O MONJE, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on Plaintiff Shung Moore's ("Moore") objection to Magistrate Judge Donald G. Wilkerson's Order dated August 21, 2017, denying Moore's Motions for Appointment of Counsel (Doc. 46). For the reasons explained below, the appeal is denied, and Magistrate Judge Wilkerson's Order is affirmed.

## BACKGROUND

In his complaint, Moore alleges several constitutional violations pursuant to 42 U.S.C. § 1983, as well as violations of Illinois state law against prison officials ("Defendants") at Menard Correctional Center (Doc. 1). On December 28, 2016, this Court identified five counts against five Defendants as surviving threshold review and referred this matter to Magistrate Judge Wilkerson (Doc. 7). The following counts

survived threshold review (Doc. 7, p. 5):

> Count 1: Ziegler used excessive force against Moore when he pulled on the handcuff lead, thus wrenching Moore's arms and shoulders downward on July 27, 2014, in violation of the Eighth Amendment's prohibition on cruel and unusual punishment;
>
> Count 2: Newcomb failed to intervene when Ziegler used excessive force against Moore on July 27, 2014, in violation of the Eighth Amendment's prohibition on cruel and unusual punishment;
>
> Count 3: Harris used excessive force on Moore on July 30, 2014, when Harris put Moore's handcuffs on too tight in violation of the Eighth Amendment's prohibition on cruel and unusual punishment;[1]
>
> Count 4: Monje and Butler negligently failed to preserve evidence when they did not maintain the video tape surveillance footage of the assault allegedly perpetrated by Ziegler and Newcomb in violation of Illinois state law; and
>
> Count 5: Harris retaliated against Moore on August 20, 2014, when he placed handcuffs on him too tight in violation of the Eighth Amendment's prohibition on cruel and unusual punishment.

On November 10, 2016, Moore filed a motion seeking appointment of counsel (Doc. 3). Magistrate Judge Wilkerson denied Moore's motion on January 12, 2017, noting that Moore had "not met his burden in attempting to recruit counsel on his own." (Doc. 15, p. 2).

Moore then sought reconsideration of that ruling (Doc. 31) and included evidence of his attempts to recruit counsel. Despite evidence of such efforts to recruit counsel,

---

[1] The Court dismissed without prejudice Count Three against Loucks because Moore did not state a claim against that defendant (Doc. 7, p. 7).

Magistrate Judge Wilkerson denied Moore's renewed motion on August 21, 2017 (Doc. 43). Specifically, Magistrate Judge Wilkerson reasoned that Moore's claims are not overly complex, will not require expert discovery, and Moore's limited knowledge of the law is "not sufficient to warrant recruitment of counsel." (Doc. 43, p. 2). Moreover, Moore did not allege any specific issues in conducting discovery. *Id*.

On September 7, 2017, Moore filed an objection to Magistrate Judge Wilkerson's August 21, 2017 Order (Doc. 46), which appears to be an appeal of the Order directed to the undersigned.

## **DISCUSSION**

The Court may modify or reverse a decision of a magistrate judge on a non-dispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a). *See also* SDIL-LR 73.1(a). A decision is clearly erroneous "only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). *See also Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988) ("To be clearly erroneous, a decision must strike [the Court] as more than just maybe or probably wrong; it must . . . strike [the Court] as wrong with the force of a five-week-old, unrefrigerated dead fish.") (cited by *S. Indus., Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir. 2001)).

A plaintiff has no constitutional or statutory right to counsel in a federal civil proceeding. *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (citing *Olson v. Morgan*,

750 F.3d 708, 711 (7th Cir. 2014)). Therefore, on a 28 U.S.C. § 1915(e)(1) motion, it is entirely within the Court's discretion whether or not to recruit counsel for civil litigants. *Id.* In making this determination, the Court must first consider whether the plaintiff has "made a reasonable attempt to obtain counsel or been effectively precluded from doing so." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Here, although Moore has not been successful, he has made three attempts to obtain counsel and so this threshold inquiry is satisfied.

Second, the Court must determine whether "the plaintiff appears competent to litigate his own claims." *Id.* at 655 (emphasis omitted). This inquiry turns on the complexity of issues in the action and the litigant's capabilities. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014); *see also Pruitt*, 503 F.3d at 655 ("[T]he question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.").

In his objection, Moore argues that his claims are overly complex and beyond his capabilities as a *pro se* litigant (Doc. 46, pp. 4-5). Specifically, Moore argues that his case is too complex because it necessitates expert medical testimony and other pretrial discovery and preparation in which "a lawyer can generally do a better job" (Doc. 46, p. 5). Moore also argues that his limited knowledge of the law and his ninth-grade education with a GED weigh in favor of appointing him counsel at this stage in the proceeding (Doc. 46, p. 4).

Moore's claims are not too complex for him to litigate on his own during this

stage of the proceeding. The claims that survived threshold review concern excessive force, failure to intervene, and negligent failure to preserve evidence. Magistrate Judge Wilkerson found, and the undersigned agrees, that these claims are not "overly complex" (Doc. 43, p. 2). *See Bracey v. Grondin*, 712 F.3d 1012, 1017-18 (7th Cir. 2013) (finding excessive force and spoliation claims were not too legally complex for *pro se* litigant).

Due to the straightforward nature of his claims, Moore will likely be able to conduct discovery effectively without counsel. Even though Moore rightfully asserts that counsel would be helpful in the discovery process, that "does not mean that the case itself [i]s so overly complex that counsel [i]s required." *Romanelli v. Suliene*, 615 F.3d 847, 854 (7th Cir. 2010) (internal quotations omitted). As Moore's claims relate to injuries caused by excessive force and not the issue of the medical treatment itself, there is no need for expert medical testimony. Additionally, Magistrate Judge Wilkerson noted that "[Moore] cites no specific issues he has had engaging in discovery at this point." (Doc. 43, p. 2). Moore has not identified any specific discovery issues in his objection. The mere fact that Moore is an inmate is not sufficient to show an inability to conduct discovery. *See Bracey*, 712 F.3d at 1018 ("[A]ll inmates confront the discovery restrictions facing [the plaintiff]."). Thus, Moore has not established that there are sufficient discovery obstacles that prevent him from competently litigating his claims.

As to Moore's capabilities, the Court may consider, among other factors, a "plaintiff's literacy, communication skills, educational level, and litigation experience."

*Pruitt*, 503 F.3d at 655. Here, although Moore has no prior litigation experience, he has his GED and has demonstrated competency through well-written pleadings. Thus, the Court finds that Moore is competent to litigate his claims on his own at this stage in the proceeding.

## CONCLUSION

Accordingly, Plaintiff Shung Moore's objection to Magistrate Judge Wilkerson's Order (Doc. 46) is **DENIED**, and Magistrate Judge Wilkerson's Order dated August 21, 2017 (Doc. 43) is **AFFIRMED**.

**IT IS SO ORDERED.**

**DATED:** November 14, 2017

**NANCY J. ROSENSTENGEL**
**United States District Judge**